COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


RICHARD JAMES SELL and
 DIANE LYNN SELL
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2946-96-1     JUDGE NELSON T. OVERTON
                                        SEPTEMBER 23, 1997
BENITO MARTIN PALMARINI

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                 Morris B. Gutterman, Judge Designate

             David T. Daulton (The Berean Law Group, on
             brief), for appellants.

             No brief or argument for appellee.


     Richard J. Sell appeals from a decision of the trial court

denying his petition for adoption of Courtney Lee

Brooks-Palmarini, the natural child of Diane Sell and Benito

Palmarini.  For the reasons that follow, we reverse and remand

for proceedings consistent with this opinion.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to the

disposition of this appeal.

     In 1984 Courtney Brooks-Palmarini was born to Benito

Palmarini and Diane Brooks, now Diane Sell.  Mr. Palmarini

claimed paternity of the child, but Courtney has been in the care

of her mother since birth and has lived with both her mother and

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mr. Sell since they were married in 1988. Mr. Palmarini was awarded visitation in 1990 and was ordered to pay child support in 1991. The record does not give a full picture of the relationship between Mr. Palmarini and Courtney, but the evidence presented at trial indicates that they enjoyed a good deal of contact. Whatever the quality of the relationship was before 1993, it is clear that after June 1993 Courtney's feelings for her father changed. Subsequent to a two week summer vacation with her father she wrote him a letter stating that "I never want to hear from you again not even see you because I don't love you anymore." These negative feelings were due to friction between Courtney and Mr. Palmarini which occurred during the vacation.

After Courtney made her feelings known, Richard Sell filed a petition for adoption in the City of Virginia Beach Circuit Court. At the adoption proceeding, the trial court took evidence from both parties and denied the petition. It cited Mr. Palmarini's good record of support payments and a reluctance "to sever ties of a blood relationship" as reasons for the denial. Mr. Sell appeals.

In order for an adoption to be granted, Code § 63.1-225 requires the consent of both natural parents unless an exception applies. Code § 63.1-225(F) creates an exception when the court has determined that consent is withheld against the best interests of the child. The standard which courts must follow when making that determination is set out in Code § 63.1-225.1

2

which states in pertinent part:

> the court shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child, whether the birth parent(s)' efforts to assert parental rights were thwarted by other people, the birth parent(s)' ability to care for the child, the age of the child, the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children, the duration and suitability of the child's present custodial environment and the effect of a change of physical custody on the child.

It is in this determination that Mr. Sell ascribes error. He contends that the trial court failed to consider the statutorily mandated factors when determining Courtney's best interests. After careful consideration of the record, we agree.

"Absent clear evidence to the contrary, we will presume that the trial judge applied the correct standard to the facts." Starks v. Commonwealth, 225 Va. 48, 54, 301 S.E.2d 152, 156, (1983) (citing Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)). However, in the instant case, the trial court cited only two reasons for making its determination; Mr. Palmarini's fulfillment of his financial obligations and his disinclination to separate blood relatives. While these are important, relevant factors, they must be considered in light of all the elements mandated by Code § 63.1-225.1. See Hickman v. Futty, 25 Va. App. ____, ____, ____ S.E.2d ____, ____ (1997). Although we recognize that the trial court may, in fact, have considered these elements, its failure to state on the record

3

that they were considered constitutes "clear evidence" that the proper standard was not applied in this case, and the petition was prematurely denied.

We therefore reverse the decision of the circuit court and remand for consideration of the petition in a manner not inconsistent with this opinion.

<u>Reversed and remanded.</u>